UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Theodore Roosevelt</u>

    v.                                          Civil No. 16-cv-395-JD

<u>Concord Hospital and</u>
<u>Robert P. Steigmeyer</u>

**REPORT AND RECOMMENDATION**

Plaintiff Theodore Roosevelt's Complaint (Doc. No. 1) and complaint addenda (Doc. Nos. 5, 7) are before this court for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).[1]

Because Roosevelt does not have a lawyer, the court construes his pleadings liberally. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). The court may dismiss the complaint if it "fails to state a claim on which relief may be granted," or if the court lacks subject matter jurisdiction. 28 U.S.C. §§ 1915(e)(2); LR 4.3(d)(2). To determine if the pleading states a claim, the court first disregards plaintiff's purely

---

[1] Also before the court is a motion for appointment of counsel (Doc. No. 3). The court has denied that motion in a separate Order, without prejudice to Roosevelt's ability to refile a similar motion, if the district judge declines to approve this Report and Recommendation.

legal conclusions.  Then, taking the plaintiff's factual assertions as true, considers whether those assertions, and reasonable inferences drawn from them, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

This court previously concluded that Roosevelt had not stated a claim upon which relief could be granted in this case, based on the allegations in Document Nos. 1 and 5.  As it appeared that Roosevelt might have intended to state a claim under the federal law known as EMTALA, 42 U.S.C. § 1395dd, the court granted Roosevelt an opportunity to amend the complaint. See Oct. 31, 2016 Order (Doc. No. 6).

In a filing docketed on November 10, 2016 (Doc. No. 7), Roosevelt asserted additional facts about contacts he had with Concord Hospital in November 2016.  Roosevelt alleged that on November 7 and November 8, 2016, he went to a "walk-in clinic" that is part of Concord Hospital, seeking help for knee pain and a migraine.  He states that he was seen at the clinic by a doctor each time.  He further asserts that he still has pain, and that the doctor on November 7 told him he had torn cartilage in his knee.  As he was leaving the clinic on November 8, 2016, a security guard yelled at him, said he was subject to a "no trespassing" order, and asked for Roosevelt's address.  After

Roosevelt gave the guard his address, he asserts, the guard told him he could go to the ER.

EMTALA requires hospitals to screen patients who come to the emergency department seeking treatment or examination, and to stabilize patients who have emergency medical conditions before discharging or transferring them.  See Lopez-Soto v. Hawayek, 175 F.3d 170, 172-73 (1st Cir. 1999).  Assuming without deciding that the "walk-in clinic" is covered by EMTALA, this court finds nothing in the record suggesting that Roosevelt was denied proper screening or stabilization prior to his discharge on the dates at issue.  The facts Roosevelt has alleged in his filings (Doc. Nos. 1, 5, 7) do not state a claim for relief under EMTALA.  As there is no other claim stated in the pleadings that could fall within this court's jurisdiction, the matter should be dismissed.

## Conclusion

The district judge should dismiss this action in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's

order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

                                                                   _____
                                                                   Andrea K. Johnstone
                                                                   United States Magistrate Judge

December 6, 2016

cc:   Theodore Roosevelt, pro se